UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/4/2024
```

STACY A. BORJAS,

                               Plaintiff,

                 -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, et al.,

                               Defendants.

23 Civ. 10829 (AT)

**ORDER OF SERVICE**

ANALISA TORRES, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117; the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2654; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. Plaintiff alleges that her former employer discriminated and retaliated against her based on her sex and disability. By order dated January 12, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. ECF No. 3.

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants, New York City Department of Education, Tiawanna Perez, and Victor Garcia, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.  The Clerk of Court is instructed to issue summonses as to Defendants New York City Department of Education, Tiawanna Perez, and Victor Garcia, complete the USM-285 forms with the addresses for these defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to mail an information package to Plaintiff.


SO ORDERED.

Dated: March 4, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge

2

**DEFENDANTS AND SERVICE ADDRESSES**

1. New York City Department of Education
   52 Chambers Street
   Room 320
   New York, NY 10007

2. Tiawanna Perez, Principal
   PS 06 West Farms
   100 E. Tremont Ave.
   Bronx, NY 10460

3. Victor Garcia, Assistant Principal
   PS 06 West Farms
   100 E. Tremont Ave.
   Bronx, NY 10460