```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
STACY A. BORJAS,

                            Plaintiff,

       -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,
et al.,

                            Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  _12/3/2024_

23 Civ. 10829 (AT) (OTW)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Stacy Borjas, requests reconsideration of an order by the Honorable Ona T. Wang granting Defendants' request *nunc pro tunc* for an extension of the deadline to respond to the complaint and to file a pre-motion letter pursuant to Paragraph III.B of the Court's Individual Practices in Civil Cases ("Individual Practices"). Objs., ECF No. 59; Order, ECF No. 58. The Court construes Plaintiff's request as a Rule 72 motion requesting review of a magistrate judge's decision on a non-dispositive matter. *See* Fed. R. Civ. P. 72(a); *Fishman v. City of New Rochelle*, No. 19 Civ. 265, 2023 WL 8483017, at *2 n.3 (S.D.N.Y. Nov. 28, 2023) ("Courts in this district have also treated motions for reconsideration as objections where the substance of the motion is objecting to the [C]ourt's prior order, making Rule 72 the governing standard." (citation omitted)). For the reasons stated below, the Court OVERRULES Plaintiff's objections.

Under Federal Rule of Civil Procedure 72(a), a district judge must consider a party's timely objections to a magistrate judge's order on a non-dispositive matter and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation and internal quotation marks omitted). An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

Plaintiff contends that Judge Wang misapplied the Court's Individual Practices by granting Defendants' request *nunc pro tunc*. Specifically, Plaintiff suggests that "only" a pre-motion letter filed under Individual Practices ¶ III.B.iii can stay the time to answer or move to dismiss, Objs. at 2, and *nunc pro tunc* relief is reserved only for "extreme cases," *id.* at 3 n.1 (quotation omitted).

The Court disagrees on both counts. The Individual Practices, consistent with the Court's "'inherent power' and responsibility to manage [its] docket[] 'so as to achieve the orderly and expeditious disposition of cases,'" *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)), and the discretionary authority conferred by the Federal Rules of Civil Procedure and the Local Civil Rules, *see, e.g.*, Fed. R. Civ. P. 6(b)(1)(B); Loc. Civ. R. 6.1, 7.1(d), reflect the Court's wide discretion to consider and adjudicate requests for extensions of time. That authority includes the

power to grant requests "made after the time has expired"—not in "extreme cases" as Plaintiff contends—but for "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).[1]

      In short, nothing in the Court's Individual Practices or any other applicable rule divested Judge Wang of the authority to exercise her discretion to grant Defendants' request. Judge Wang's order is not contrary to law, and the Court is not "left with the definite and firm conviction that a[ny] mistake has been committed." *Easley*, 532 U.S. at 242. Accordingly, Plaintiff's objections are OVERRULED.[2] Pursuant to the order of reference at ECF No. 7, Judge Wang shall address Plaintiff's request "to have until December 9, 2024, to send her out-of-court Rule III(B)(ii) letter to Defendants." Objs. at 3 n.2.

      SO ORDERED.

Dated: December 3, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] To the extent Plaintiff suggests that the Individual Practices preclude the Court from acting with regard to matters that occur beyond the docket such as the pre-motion letters required by Paragraph III.B.ii of the Individual Practices, *see* Objs. at 2, Plaintiff is incorrect. The Court does not relinquish its inherent authority to manage its cases by setting forth rules that govern non-docketed conduct. *See, e.g.*, Order, *Am. Empire Surplus Lines Ins. Co. v. J.R. Contracting & Env't Consulting, Inc.*, No. 23 Civ. 4942 (S.D.N.Y. Oct. 31, 2024), ECF No. 84 (setting deadlines for the parties to share and respond to pre-motion materials off the public docket).

[2] Defendants are reminded that, "[a]bsent an emergency, any request for adjournments or extensions must be made at least 48 hours prior to the scheduled appearance or deadline." Individual Practices ¶ I.C.