UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STACY A. BORJAS,                                          :
                                                          :
                Plaintiff,                :      23-CV-10829 (OTW)
                                                          :
          -against-                        :
                                                          :      **OPINION AND ORDER**
NEW YORK CITY DEPARTMENT OF EDUCATION :
et al.,                                                   :
                                                          :
                Defendants.               :
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

The Court has reviewed ECF 113. Defendants have requested a stay of discovery pending this Court's determination of its motion to dismiss filed on April 11, 2025. (ECF 90). Plaintiff opposes the stay. (ECF 117). For the reasons that follow, Defendants' application is **GRANTED**, and discovery is **STAYED** *sine die*.

Fed. R. Civ. P. 26(c) allows the Court to issue orders that "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" for "good cause." "[i]n some circumstances, a pending motion to dismiss may constitute good cause for a protective order staying discovery." *O'Sullivan v. Deutsche Bank AG*, No. 17-CV-8709 (LTS) (GWG), 2018 WL 1989585, at *3–4 (S.D.N.Y. Apr. 26, 2018) (citations and quotation marks omitted). A motion to dismiss is not enough to justify a stay absent "substantial arguments for dismissal." *Id*. at *4 (citations and alteration omitted). "The burden is on the movant to establish that a stay is warranted." *See e.g. Nike, Inc. v. Lululemon USA Inc.*, No. 22-CV-00082 (RA) (OTW), 2023 WL 2214884, at *1 (S.D.N.Y. Feb. 24, 2023) (citation omitted). When determining the strength of a movant's application, "[c]ourts should consider multiple factors, including the breadth of

discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (quoting Fed. R. Civ. P. 26[c][1]). "While various district courts debate which of the stay factors is the most important, there can be little doubt that simplification of the issues and prejudice to the opposing party are more important than the case's state of completion." *OV Loop, Inc. v. Mastercard Inc.*, No. 23-CV-1773 (CS), 2023 WL 7905690, at *2 [S.D.N.Y. Nov. 16, 2023]).

Accordingly, the Court may stay discovery under Fed. R. Civ. P. 26(c) after determining Defendants have shown good cause by demonstrating, *inter alia*, a meritorious dispositive motion is pending that would potentially narrow the claims or issues in the case, and, therefore, the scope of discovery, in whole or in part, absent Plaintiff's showing of prejudice or other reason why discovery must proceed during the pendency of a motion to dismiss.

In this case, Defendants' motion to dismiss is potentially dispositive and, while the Court continues to review the motion to dismiss and will not attempt to predict its outcome, the Court observes that Defendants' motion makes substantial arguments that the Plaintiff has not pleaded all the required elements of her claims under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 – 12117; and her various hostile workplace claims. (ECF 90-5; ECF 113). Defendants also raise a significant issue as to whether or not Plaintiff's claims are time barred. (*See* ECF 90-5; ECF 113). However, the Court does concur with the Plaintiff that, construing the dispute which turns on the date by which Ms. Borjas received a right-to-sue letter in the light most favorable to the non-moving party, Defendants' motion to dismiss may not dispose of this action in its entirety. (ECF 117). Regardless, whether Plaintiff or Defendants will prevail on that

issue, "the viability of [Plaintiff's] claim is in at least doubt [sic]." *Spinelli v. Nat'l Football League*, No. 13-CV-7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (holding stay of discovery is warranted when "the viability of ... Plaintiffs' claims is in at least some doubt pending the resolution of the motions to dismiss.") Further, a motion that, if only granted in part, would meaningfully limit the scope of the action can be sufficient to show good cause for a stay, as is the case here. *See e.g. HAHA Glob., Inc. v. Barclays*, No. 19-CV-4749 (VEC) (SDA), 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) ("because the disposition of the dismissal motion[ ] may significantly narrow, if not eliminate, the issues remaining in this case, [I] find[ ] that proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on Defendant[ ].")

Additionally, while the scope of discovery sought is limited, Defendants have still met their burden to show that they would suffer undue expense if discovery were to continue, and the case were to be dismissed because of the opportunity cost of responding to even a limited discovery request needlessly. *See e.g., United States v. Cnty. of Nassau, 188 F.R.D. 187, 189 (E.D.N.Y. 1999)* (granting stay of discovery where "…the cost of discovery, coupled with the diversion of employees' time and attention from municipal business to focus on the retrieval of discovery and to otherwise assist in the pursuit of this litigation, would be an unnecessary expense in the event [the pending] motion to dismiss is ultimately granted.")

Further, Plaintiff has not demonstrated how *she* would be prejudiced by a stay. *See Gross v. Madison Square Garden Ent. Corp.*, No. 23-CV-3380 (LAK) (JLC), 2023 WL 6815052, at *2 (S.D.N.Y. Oct. 17, 2023) ("While the requested discovery is narrowly tailored and does not appear to be burdensome, plaintiffs have not articulated any compelling reason why it needs to be produced while the motion to dismiss is pending.") Plaintiff's only argument relevant to the case

3

in its current procedural posture seems to be that a stay of discovery would prohibit her from using the discovery already disclosed by Defendants in amending her pleading. (ECF 117). The time to amend her complaint by right has long since passed and, in any event, Plaintiff, as of November 17, 2025, restated that she intends to file an opposition to Defendant's motion to dismiss rather than seek to amend her complaint a fourth time. (*See* ECF 120).

Finally, it is true that a stay may ultimately delay the resolution of any surviving claims after the pending motion to dismiss is decided in this case, which is already two years old. However, as Judge Sweet observed in *Spinelli*, also already two years old at the time of the stay granted there, "[a]t this stage of the litigation, with the viability of the new Complaint [sic] unresolved, a delay in discovery, without more, does not amount to unfair prejudice." *Spinelli*, 2015 WL 7302266, at *2 (alteration in original). Indeed, a stay "may also have the advantage of simplifying and shortening discovery in the event that some of plaintiffs' [sic] claims are dismissed, and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable." *Id*.

Accordingly, because the adjudication of the pending motion to dismiss, may obviate or limit the need for burdensome discovery or motion practice, Defendants' application is **GRANTED** and discovery is **STAYED** pending the resolution of Defendants' motion to dismiss.

The Clerk of Court is respectfully directed to close ECF 113 and terminate all pending discovery deadlines.

**SO ORDERED.**

Dated: November 19, 2025　　　　　　　　　　　　　　　/s/ Ona T. Wang
　　　　New York, New York　　　　　　　　　　　　　　**Ona T. Wang**
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge