quinn emanuel trial lawyers | new york

295 Fifth Avenue, 9th Floor, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

November 26, 2025

<span style="color:blue">**MEMO ENDORSED.**</span>

<u>Via ECF</u>

Hon. Ona T. Wang
United State Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20D
New York, NY 10007

Re:    *Borjas v. NYCDOE,* **Case No. 23-CV-10829 – Plaintiff's Motion to Seal Prior Filings (ECF Nos. 125 & 127) and for Leave to File Corrected Versions**

Dear Judge Wang:

On the evening of November 24, 2025, the undersigned counsel ("counsel") for Plaintiff Stacy A. Borjas ("Ms. Borjas" or "Plaintiff") became aware of several errors contained within counsel's prior filings of the publicly filed and sealed versions of the Keller Declaration, *see* ECF Nos. 125 & 127.  These errors concern four issues:  (i) inadvertently partially unredacted attorney-client privileged ("ACP") communication; (ii) inadvertently partially unredacted personally identifiable information ("PII") covered by Federal Rule of Civil Procedure ("FRCP") 5.2; (iii) inadvertently partially unredacted medical personal health information ("PHI") of Ms. Borjas that is the subject of the previously filed Motion to Seal PHI, ECF No. 123 ("MTS PHI"); and (iv) the apparent corruption of a document during the filing process.

As to the first two categories of errors (*i.e.*, ACP and PII), counsel immediately requested and received emergency sealing from the Court's Helpdesk and now files this instant motion to respectfully request (i) that the Court permanently seal the inadvertently partially unredacted documents on an *"ex parte"* basis so that they remain inaccessible to both the public and the parties, (ii) that the Court grant counsel leave to file corrected versions of those documents, and (ii) that the Court enter into the stipulated Federal Rule of Evidence ("FRE") 501(d) order filed contemporaneously with this letter motion.  As to the third category of error (*i.e.*, PHI), counsel respectfully requests (i) that the Court seal the inadvertently partially unredacted documents on a "selected parties" basis so that only the parties have access and (ii) that the Court grant counsel leave to file corrected versions.  As to the fourth category of error (*i.e.*, file corruption), counsel respectfully requests leave to file a corrected version.  Later in this letter motion, counsel proposes the potential mechanics for granting this requested relief.

Counsel for Ms. Borjas has conferred with counsel for Defendants, who indicated that Defendants consent to the relief requested in the instant motion, in the accompanying stipulated FRE 502(d) order, as well as in Ms. Borjas's prior Motion to Seal PHI, ECF No. 123.

## I.      Table of the Affected Filings

Counsel summarizes the prior inadvertent filing errors as follows:

| ECF # | Document | Initial Filing Status | Issue | Requested Relief |
|---|---|---|---|---|
| 125-1 | Ex. 1 to Keller Decl. (ECF No. 125) | Public with redactions | ACP | Seal to *"Ex Parte"* & refile |
| 125-2 | Ex. 2 to Keller Decl. | Public with redactions | Corrupted file | Refile |
| 125-3 | Ex. 3 to Keller Decl. | Public with redactions | PII | Seal to "Selected Parties" & refile |
| 125-4 | Ex. 4 to Keller Decl. | Public with redactions | PHI | Seal to "Selected Parties" & refile |
| 125-5 | Ex. 5 to Keller Decl. | Public with redactions | PHI | Seal to "Selected Parties" & refile |
| 125-8 | Ex. 8 to Keller Decl. | Public with redactions | ACP | Seal to *"Ex Parte"* & refile |
| 125-9 | Ex. 9 to Keller Decl. | Public with redactions | PII | Seal to "Selected Parties" & refile |
| 127-2 | Ex. 3 to Keller Decl. | Under seal subject to MTS PHI (ECF No. 123) | PII | Seal to "Selected Parties" & refile |
| 127-3 | Ex. 4 to Keller Decl. | Under seal subject to MTS PHI | PHI | Seal to "Selected Parties" & refile |
| 127-4 | Ex. 5 to Keller Decl. | Under seal subject to MTS PHI | PHI | Seal to "Selected Parties" & refile |

## II.     The Requested Relief is Appropriate

The relief requested by counsel is appropriate for several reasons.  *First*, as an initial matter, counsel for Defendants has consented to the requested relief.

*Second*, the inadvertent disclosure of ACP communications would fall within the ambit of the parties' stipulated FRE 502(d) order, should the Court grant such order.  And in the event that the Court were to deny the request for an FRE 502(d) order, the "the disclosure [was] inadvertent," counsel "took reasonable steps to prevent disclosure" by undertaking a process to redact the documents in question (albeit an inadvertently incomplete one which counsel hereby seeks to correct), and "promptly took reasonable steps to rectify the error, including" by following FRCP 26(b)(5)(B) by immediately contacting counsel for Defendants, along with the Court's Helpdesk, and now by filing the instant motion.  FRE 502(b).

*Third*, the inadvertent disclosure of PII is prohibited by FRCP 5.2, which requires counsel to make the corrections they hereby seek to make.

*Fourth*, correcting the inadvertent disclosure of PHI falls within the ambit of Ms. Borjas's pending Motion to Seal PHI (ECF No. 123), which seeks to protect Ms. Borjas's privacy interests. As detailed in that motion, which Defendants do not oppose, Ms. Borjas's PHI warrants protection

from public disclosure.  Additionally, the Court has previously granted similar relief protecting Ms. Borjas's PHI (ECF No. 91), consistent with the significant privacy interests at stake in safeguarding medical PHI from public disclosure.

*Fifth*, the requested relief—redactions limited to only ACP, PII, and PHI—is narrowly tailored to serve compelling interests in protecting the attorney-client privilege, the privacy interests in PII secured by FRCP 5.2, and Ms. Borjas's privacy interests in her PHI.  These limited redactions will have no meaningful impact on the public's ability to understand the nature of Ms. Borjas's claims or the Court's analysis, while Defendants will retain full access to unredacted versions of the documents redacted for PII and PHI.

### III.    Proposed Mechanics for Requested Relief

In service of efficiency and administrability, counsel respectfully proposes implementing the requested corrections by refiling both the publicly filed (ECF No. 125) and sealed (ECF No. 127) versions of the Keller Declaration—along with their respective exhibits—in their entirety rather than proceed with piecemeal corrections.  This approach ensures that all corrected exhibits are properly integrated into the ECF system with the proper sequential numbering and linkage, as required by ECF Rules 6.6–6.8 and the Court's Individual Rules at Section VI(b).  Additionally, this approach promotes judicial economy and ease of reference for the parties by consolidating all corrections into comprehensive replacements rather than requiring the navigation of multiple piecemeal corrections across numerous separate docket entries.

Accordingly, counsel respectfully requests leave to refile ECF No. 125 with all nine exhibits incorporating the aforementioned redaction corrections to ECF Nos. 125-1, 125-3, 125-4, 125-5, 125-8, and 125-9, and to refile ECF No. 127 with all exhibits incorporating the aforementioned redaction corrections to ECF Nos. 127-2, 127-3, and 127-4.

Finally, counsel respectfully requests that the Court seal as *"ex parte"* ECF Nos. 125-1 and 125-8 and seal as "selected parties" ECF Nos. 125-2, 125-3, 125-4, 125-5, 125-9, 127-2, 127-3, and 127-4.

Respectfully Submitted,    Application, as described in III, *supra*, is **GRANTED.**
    **SO ORDERED.**

/s/ *Nicolas G. Keller*
Nicolas G. Keller

_____
Ona T. Wang          December 1, 2025
U.S.M.J.