**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STACY A. BORJAS,<br><br>Plaintiff,<br><br>-against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION et al.,<br><br>Defendants. | 23-CV-10829 (OTW)<br><br>**ORDER ON MOTION TO SEAL** |

**ONA T. WANG**, **United States Magistrate Judge**:

## I. INTRODUCTION

Before the Court is ECF 152, Plaintiff's motion to redact certain information which she purports to be protected health information from her Fourth Amended Complaint ("4AC"), and to maintain an unredacted copy under seal at ECF 153. Additionally, Plaintiff moves to maintain her previous unredacted Complaints (ECF Nos. 44, 52, 78, 81).[1] under seal as well as her opposition to Defendants' motion to dismiss her Third Amended Complaint and related moving papers, all for the same reasons. (ECF Nos. 124, 125, 127, 129, 132). Specifically, in this disability discrimination action, Plaintiff seeks to redact the name of her disability and the symptoms associated with it. As explained below, Plaintiff has not carried her burden to demonstrate that her privacy concerns outweigh the strong presumption of public access that attaches to pleadings such as her Complaint. Accordingly, her application is **DENIED** and ECF Nos. 44, 52, 78, 81, 124, 125, 127, 129, 132, and 153 shall be **UNSEALED**.

[1] Plaintiff filed under seal two copies of her Second Amended Complaint, (ECF Nos. 44 and 52) and two copies of her Third Amended Complaint, (ECF Nos. 78 and 81).

## II. LEGAL STANDARD

Motions to seal are evaluated by a three-part inquiry in which the Court must determine: 1) that the documents are "judicial documents;" 2) the strength of the presumption of public access; and 3) if that presumption is outweighed by a higher interest or other compelling reason to permit sealing. *See Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006). The party seeking sealing bears the burden to show that sealing is warranted. *Id*. Because Plaintiff does not contest that the 4AC is a "judicial document," I will begin my analysis at the second step.

## III. DISCUSSION

### A. There is a Strong Presumption of Public Access

Judicial documents, particularly pleadings, "trigger[] a presumption of public access, and requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (internal quotations omitted). The presumption of public access can arise under either the First Amendment or common law. *Id*. With respect to the First Amendment, "A complaint...is best evaluated under the 'experience and logic'" framework which asks "'whether the documents have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question.'" *Id*. (quoting *Lugosch*, 435 F.3d at 121). Under that framework, the presumption of public access is strong because "[p]ublic access to complaints allows the public to understand the activity of the federal courts, enhances the court system's accountability and legitimacy, and informs the public of matters of public concern." *Id*.

"Complaints have historically been publicly accessible by default, even when they contain arguably sensitive information." *Id*. The result is the same when considering the presumption of public access under the common law, which asks how important the document is to the Court's exercise of judicial power. *See id*. ("[p]leadings, such as the complaint here, are highly relevant to the exercise of Article III judicial power"). Accordingly, a strong presumption of public access attaches to Plaintiff's complaint.

That does not end the inquiry, the Court must still "balance competing considerations against the presumption of public access" by considering, as relevant here, "the privacy interests of those resisting disclosure." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

**B. Plaintiff's Privacy Concerns Do Not Outweigh the Strong Presumption in Favor of Public Access**

Plaintiff contends that the strong presumption of public access to her complaints is outweighed by her privacy interests in preventing the disclosure of what she purports to be "specific medical and mental health diagnoses, treatments, and medications." Specifically, she claims that sealing is necessary to prevent that information "from becoming invasively public, which would unnecessarily and unreasonably cause detrimental harm to Ms. Borjas's privacy interests." (Pl. Mtn, ECF 152).

As a threshold matter, the information Plaintiff seeks to redact—namely, the specific name and symptoms of her alleged disability —are central to her claims in this case. Tellingly, Plaintiff does not, and cannot, cite a single case in this Circuit where a plaintiff in an ADA action was allowed to redact the name of her disability from her complaint. Without knowing the nature of her disability, any public monitoring of the Court's decisions in this action would be

rendered futile. *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 602, 604 (S.D.N.Y. 2011). (denying Plaintiffs' request to file a heavily redacted version of their complaint because it would prevent public monitoring of the judicial process). Plaintiff has not and cannot cite any authority to support her assertion that that the Health Insurance Portability and Accountability Act ("HIPAA") shields her from having to disclose medical information in her Complaint, that is crucial to the elements of her disability discrimination action, for a lawsuit that she has elected to bring, knowing that dockets are public records. Plaintiff's argument, that her proposed "redactions are sufficiently tailored to balance the presumption of public access and the allegations in the complaint can be understood with the proposed redactions," is entirely conclusory. (Pl. Mtn, ECF 152) (internal quotations omitted). Conversely, the "detrimental harm" Plaintiff seeks to avoid is speculative at best and lacks even one concrete example. (*Id.*).

The case law Plaintiff *does* cite is inapposite. Plaintiff relies on *Offor v. Mercy Med. Ctr.*, 167 F. Supp. 3d 414, 445 (E.D.N.Y. 2016), for her argument that Courts regularly permit redactions of protected health information as defined by HIPAA. However, *Offor* addressed the sealing of protected health information which was "completely irrelevant" to that plaintiff's claim, including "medical records that were only partially redacted which included ... full medical record numbers, treatment dates, partial addresses of patients, the names of treating physicians, and details concerning patients' medical conditions and care" which the plaintiff, herself a doctor, "should never have been filed ... on a publicly accessibly docket." 167 F. Supp. 3d at 446. *Offor* is also distinguishable from this case because here Plaintiff seeks to redact her

own references to her disability in her Complaint, not her actual records, much less medical records belonging to others attached to her complaint, as in *Offor*. *Id.*

Similarly, *Valentini v. Grp. Health Inc.*, No. 20-CV-9526 (JPC), 2020 WL 7646892 (S.D.N.Y. Dec. 23, 2020) does not support sealing here. Putting aside that the underlying motion is entirely inapposite,[2] Plaintiff fails to distinguish between "[d]efendants [who] seek leave to file [a p]laintiff's medical records under seal on the basis that they are prohibited from disclosing those records under HIPAA," and Plaintiff's references to her alleged disability in the 4AC. 2020 WL 7646892, at *2.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff has not carried her burden to demonstrate that her privacy concerns overcome the strong presumption of public access to her 4AC under both the First Amendment and the common law. Accordingly, ECF 152 is **DENIED**. Since Plaintiff seeks to maintain her previously filed unredacted Complaints and her previously filed moving papers in opposition to Defendants' motion to dismiss her Third Amended Complaint under seal for the same reasons I have rejected here, they should also be unsealed.

---

[2] *Valentini* concerns whether Valentini could compel Group Health Incorporated to file her unredacted medical record publicly on the docket, not whether she could prevent them from doing so. *See Valentini v. Grp. Health Inc.,* No. 20-CV-9526 (JPC), 2020 WL 7646892, at *1 (S.D.N.Y. Dec. 23, 2020). Valentini sought to compel the filing of her unredacted medical record because she alleges that: 1) Group Health did not adequately meet and confer regarding sealing their motion to dismiss, (which included her medical records as well as the GHI Comprehensive Benefits Plan); and 2) it was extremely unusual if not unheard of for defendants in a medical malpractice suit to file a motion under seal. (*Valentini v. Grp. Health Inc.,* No. 20-CV-9526 (JPC), ECF 34).

The Clerk of Court is respectfully directed to unseal ECF Nos. 153, 132, 129, 127, 125, 124, 81, 78, 52, and 44 then close ECF 152.

**SO ORDERED.**

*/s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

Dated: August 24, 2026
New York, New York